*533 Opinion of the Court by
Judge Owsley.
On the first of October, 1819, J. V. H, Dewitt, at Cincinnati, addressed to James D. Breckinridge at Louisville Kentucky, the following writing, to-wit:
Four months after date, pay to the order of Jacob C. Ralls, six hundred and fifty-six dollars, in notes receivable at the Bank of Cincinnati, or Office of the Miami Exporting Company, value received and charge the same to account of your obedient servant, J. V. H. Dewitt.
Upon the back of this writing, Breckinridge wrote “accepted,” and signed his name thereto.
After the four months had elapsed, Ralls brought an action on the case against Breckinridge, and *534 declared in assumpsit, upon his acceptance. Breckinridge craved oyer of the writing, and demurred to the declaration; but his demurrer, after being joined by Ralls, was overruled by the court. Non assumpsit was also pleaded by Breckinridge, and verdict and judgment recovered against him. From which he appealed.
Leave to amend the declaration.
Denny, for appellant; Crittenden, for appellee.
The assignment of errors, questions the decision upon the demurrer.
It is perfectly clear that in drawing the declaration, the counsel of Ralls, misconceived the legal import of the writing which was addressed to Breckinridge, and accepted by him. He has declared upon it and treated it throughout as a bill of exchange, when in truth it contains nothing else but a request to Breckinridge, to pay 656 dollars, in such notes as were receivable in the bank of Cincinnati or the Office of the Miami Exporting company. Notes are not money; and a written request to pay notes, is neither in its popular or technical acceptation a bill of exchange. Bills of exchange ex vi termini, implies a written request to pay money, and nothing else but money. Were there, therefore, no other objection to the declaration, we should unhesitatingly say, that in treating the writing as a bill of exchange, the counsel for Ralls failed to state a good cause of action against Breckinridge.
The demurrer should consequently have been sustained. The judgment must be reversed with cost; the cause remanded to the court below, and judgment there entered upon the demurrer, in favor of Brackinridge, unless Ralls shall obtain leave and so amend his declaration as to set out a good cause of action, and in that event such procedings be had in that court as may be consistent with this opinion and the principles of law.